IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY SINGER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 15-5872 |
| | : | |
| DSC LOGISTICS, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Henry S. Perkin, M.J.                                                                                           May 5, 2017

        Presently before the Court in this employment matter is Plaintiff's Motion to Strike Settlement and to Reinstate the Action and Memorandum in Support of the Motion (Dkt. Nos. 50, 51) were filed on January 7, 2017. Defendant's Memorandum in Opposition (Dkt. No. 53) was filed on January 23, 2017, and Plaintiff's Memorandum of Law in Reply to Defendant's Opposition (Dkt. No. 54) was filed on January 26, 2017. On April 13, 2017, Judge Stengel referred the Motion to Strike Settlement for resolution. *See* Dkt. No. 55.

**I.     DISCUSSION.**

        Local Rule 41.1(b) provides a ninety-day period during which parties may move to vacate a Court's order dismissing a case after it is entered on the docket. As noted by Defendant, this ninety-day limitation is rigidly enforced as a jurisdictional bar in the Third Circuit. Resp., pp. 2-3 (citing <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 140 (3d Cir. 1993) (finding petition to reinstate under predecessor to Rule 41.1(b) untimely when filed beyond ninety-day period); <u>Avato v. Green Tree Run Condominium Community Ass'n</u>, No. 97-2868, 1998 WL 196397, at *2 (E.D. Pa. Apr. 22, 1998)(denying plaintiffs' motion to modify order of dismissal under Local Rule 41.1(b) when motion not filed within 90 days); <u>Morris v.</u>

Schemanski, No. 07-2147, 2008 WL 2405769 (E.D. Pa. Jun. 13, 2008) ("The 90-day limitation in Rule 41.1(b) has been held to apply to both the court's retention of jurisdiction and a party's opportunity to vacate, modify, or strike the dismissal order."); see also Kozierachi v. Perez, No. 10-7570, 2014 WL 1378268 (E.D. Pa. Apr. 7, 2014). Outside of the ninety-day period, once a case settles, overseeing enforcement of the settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).

Following an in-person settlement conference held on August 30, 2016, at which Plaintiff and her counsel were permitted to confer with the Court and defense counsel via telephone, a settlement was reached and placed on the record. Based on that agreement, at the parties' request, this Court entered an Order dismissing Plaintiff's claims with prejudice pursuant to Local Rule of Civil Procedure 41.1(b) and retaining jurisdiction "for ninety (90) days from now, and any settlement agreement is approved and made a part of the record and this order for enforcement purposes only." *See* Dkt. No. 47. Local Rule 41.1(b) provides that an order of dismissal "may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." The ninety-day period of time for Plaintiff's counsel to move to vacate this Court's August 30, 2016 Order expired on November 28, 2016.

Within the ninety-day period following entry of the Rule 41.1(b) Order, the parties contacted Chambers regarding issues with the settlement terms and a subsequent telephone conference was held by the Court with all counsel on October 7, 2016. *See* Dkt. No. 49. The ninety-day period following the October 7, 2016 telephone call expired on Thursday, January 5,

2017, and Plaintiff's Motion was electronically filed on Saturday, January 7, 2017.  Even giving Plaintiff the benefit of October 7, 2016 as the new start date for the ninety-day limitation period, the instant Motion is untimely filed outside of the ninety-day period.

Plaintiff alternatively argues that this Court has jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(3) because the motion was filed within one year of the time frame in which Plaintiff alleges misconduct by the Defendant.  *See* Pl.'s Reply, p. 1. Rule 60(b)(3) permits relief from a judgment or order when the moving party has shown fraud (whether intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.  FED. R. CIV. P. 60(b)(3).  Plaintiff contends that the proposed release document prepared by defense counsel "is far too onerous, and it contains much more than the basic terms of the settlement agreed to on August 30, 2016."  *See* Pl.'s Mem. Law, p. 1.  Plaintiff specifically notes issues regarding liquidated damage penalties in the event of breach, a requirement for Plaintiff to opt out of class action settlements and representations regarding Plaintiff's possession of Defendant's company documents.  Id. at 9.  Plaintiff fails to establish misconduct related to the settlement on the part of the Defendant.  Thus, Plaintiff's alternative argument pursuant to Rule 60(b)(3) fails.

## II.     CONCLUSION.

This Court lacks jurisdiction to vacate the Rule 41.1(b) Order and Plaintiff has not established any misconduct on the part of Plaintiff to permit relief pursuant to Rule 60(b)(3), therefore Plaintiff's Motion to Strike is denied.  Plaintiff may bring a separate action to enforce the settlement agreement which she alleges the Defendant has breached.  Patterson v. Glaxosmithkline Pharmaceutical Co., Civ.A. No. 04-4202, at *4 (E.D. Pa. July 26, 2011)(citing Kokkonen, 511 U.S. at 381).  An appropriate Order follows.